

FILED

NOV 2 5 2019

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JODY ANN GASKINS, Ancillary Administratrix
of the Estate of John Joseph Patterson, deceased,
for and on behalf of PAMELA M. PATTERSON,
Personal Representative of the Estate of
John Joseph Patterson, deceased

AND

PAMELA M. PATTERSON, Individually,

Plaintiffs,

v.                                                                                   Civil No. 4:18-cv-160

AUSTIN ZILTZ,

Defendant.

## OPINION

Pursuant to Virginia Code § 8.01-55, the Court held a hearing on Thursday, November 21, 2019 to approve the settlement of the Plaintiff's wrongful death claim and to direct the distribution of the proceeds. Section 8.01-55 of the Virginia Code establishes that a "personal representative of the deceased may compromise any claim to damages arising under or by virtue of Section 8.01-50, before or after an action is brought, with the approval of the court in which the action was brought." Va. Code § 8.01-55. The approval of the compromise shall be sought by petition to the Court. Id. "The petition shall state the compromise, its terms and the reason therefor." Id. The Court "shall require the convening[1] of the parties in interest in person or by

---

[1] "The parties in interest shall be deemed to be convened if each such party (i) endorses the order by which the court approves the compromise or (ii) is given notice of the hearing and proposed compromise as provided in Section 8.01-296 if a resident of the Commonwealth or as provided in Section 8.01-320 if a nonresident, or is otherwise given reasonable notice of the hearing and proposed compromise as may be required by the court." Va. Code § 8.01-55. All the parties in interest have been afforded reasonable notice of the hearing in this case.

their authorized representative." Id. If at the hearing the Court approves the settlement and "the parties in interest do not agree upon the distribution to be made, 'the Court shall direct such distribution as a jury.'" See Squillaci v. Lewis-Gale Hosp., Inc., 2006 Va. Cir. LEXIS 139, at *2 (Va. Cir. Ct. Roanoke Sept. 1, 2006) (citing Va. Code § 8.01-55). Therefore, in a case of disagreement, the Court shall direct the distribution of proceeds in a settled case as if the jury awarded a verdict but did not specify the specific distribution. Id. Section 8.01-52 outlines the specific types of damages that may be awarded by a jury in a wrongful death award. Va. Code § 8.01-52. The specific damages include:

1. Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent;
2. Compensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent . . . .

Va. Code § 8.01-52. These, "[d]amages, after costs and reasonable attorney's fees are allocated, should be awarded individually and separately to the statutory beneficiaries according to their respective losses." Hewitt v. Firestone Tire & Rubber Co., 490 F. Supp. 1358, 1367 (E.D. Va. 1980).

At the hearing, the Court approved the settlement of the wrongful death claim, but one of the beneficiaries in interest, Gayle Anslinger, objected to the proposed distribution. The Court heard testimony from decedent's wife Pamela Patterson as well as two daughters, Andrea Wren and Gayle Anslinger, who are the beneficiaries in interest that were present for the hearing. Additionally, the Court considered the letters presented to the Court from the remaining two beneficiaries in interest, Kathleen Patterson and Johni Joan Sively, as well as a portion of a letter from Gayle Anslinger.

Upon consideration of all the testimony, the Court **FINDS** that there is insufficient evidence to warrant an unequal sharing of the settlement proceeds. The Court considered the

evidence in conjunction with the Va. Code § 8.01-52 damages that may be awarded in a wrongful death case. All the beneficiaries in interest appear to the Court to have suffered a great degree of sorrow and mental anguish from the loss of their father/husband, John Patterson. The evidence especially presented a long-standing dispute between the decedent's second wife, Pamela Patterson, and Gayle Anslinger which impacted Gayle's relationship with her father. The Court cannot resolve all the causes of their dispute or weigh the fault, if any, of the five beneficiaries. Accordingly, the Court awarded an equal 20% of the settlement proceeds to each of the five beneficiaries in interest, Pamela Patterson, Andrea Wren, Gayle Anslinger, Kathleen Patterson and Johni Joan Sively.

At the hearing on Thursday, November 21, 2019, the Court signed an order approving the settlement and the 20% percent distribution to each of the five beneficiaries. This Opinion explains that order.

The Clerk is **REQUESTED** to deliver a copy of this Opinion to all counsel of record.

_____/s/_____

Henry Coke Morgan, Jr.

Senior United States District Judge

_____

HENRY COKE MORGAN, JR.

SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 25, 2019